NO. 07-11-0149-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 14, 2012

_____

GLENN ERVIN ANDERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 20TH DISTRICT COURT OF MILAM COUNTY;

NO. CR22898; HONORABLE EDWARD P. MAGRE, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

### CONCURING OPINION

The majority opinion states that Appellant, Glenn Ervin Anders, pleaded guilty to two counts of indecency with a child by contact "without a plea bargain agreement *except* as to the upper limits of the sentence." (Emphasis added.) This statement is supported by the *Trial Court's Certification of Defendant's Right of Appeal* which specifically states that this case "is not a plea bargain case, and the defendant has the right of appeal." I concur in the result reached by the majority; however, I write

separately to express my opinion that the trial court incorrectly completed the certification of the defendant's right of appeal, thereby necessitating an otherwise unnecessary appeal.

A trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment or other appealable order. *See* Tex. R. App. P. 25.2(a)(2). In a plea bargain case - that is, a case in which a defendant enters a plea of guilty or *nolo contendere* in exchange for a recommendation as to punishment from the State - when the punishment does not exceed the punishment recommended by the State and agreed to by the defendant, a defendant may only appeal (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal. *Id.* If the trial court's certification of the defendant's right to appeal does not show that the defendant has the right to appeal, the appeal must be dismissed. *See* Tex. R. App. P. 25.2(d).

The recommendation of a cap as to punishment is a recommendation, and a plea entered in exchange for that recommendation is a plea entered pursuant to a plea bargain. In this case, the Clerk's Record contains two separate documents entitled *Plea Agreement,* wherein "[t]he defendant hereby agrees to plead guilty to the offense of Indecency w/ Child, and in exchange, the State of Texas agrees to recommend a cap of Ten (10) years confinement in the Texas Department of Criminal Justice." Both documents were signed by the "Attorney for the State" and the "Defendant's Attorney." The trial court ultimately assessed sentence on both counts of indecency at ten years confinement, with the two sentences to run concurrently.

2

Where, as here, the punishment assessed by the trial court did not exceed the recommendation made by the State, the Defendant's right of appeal was limited to those matters that were raised by written motion filed and ruled on before trial, or with the trial court's permission to appeal. Neither of those situations is applicable here.

Therefore, if the trial court would have correctly completed the trial court certification, this appeal would have been dismissed. Because the majority's decision to affirm reaches the same result, I concur.

Patrick A. Pirtle
Justice

Do not publish.